GANO
*vs.*
FINNELL.
</div>

---

## Gano *vs.* Finnell.

Case 15.

<div style="text-align:center">

ERROR TO SCOTT CIRCUIT.
</div>

December 24.

<div style="text-align:center">

Chief Justice HISE delivered the opinion of the court.
</div>

One who lends his credit to another in the form of a note, to be sold to raise funds, cannot, against the assignee of that note, set up any private agreement unknown to the assignee, as a defense to the payment of the note; or refuse to pay because the indemnity promised had not been given.

Case stated.

The facts presented in this case are these: The defendant, Finnell, executed and delivered his two promisory notes, payable to T. J. Shepherd, *or order*, for $600 each, indorsed by Shepherd in blank, with the understanding and agreement between Finnell and Shepherd, at the time, in writing, that they

were executed for Shepherd's accommodation, to be used in the course of his business, or to raise money upon them by selling and transferring them to such person or persons as would purchase them; and with the further agreement, that if Shepherd should, within a given period of time, deliver to Finnell, and Finnell should elect to receive the amount of the notes in good whisky at a certain price per gallon, in such case Finnell should be regarded as the principal in the notes, and upon their payment he should not look to Shepherd to be re-imbursed. But if Shepherd should fail to deliver the whisky, or Finnell should elect by a given time not to receive it, and so notify Shepherd, in such case Shepherd should be regarded as the principal in the two notes, and Finnell as his security merely; although upon the face of the notes Finnell appears to be the sole obligor, and Shepherd the obligee, and if the notes were not met and paid by Shepherd, and Finnell should pay them, then Shepherd would be bound to re-imburse Finnell, for having paid his, Shepherd's, debts. Shepherd sells and delivers these notes to B. C. Glass, for a valuable consideration, indorsed by him in blank; Glass sells and delivers the notes to D. and S. Gano, the plaintiffs, and the blank indorsement is then filled up, so as to make the notes payable to them. Now can Finnell avoid the payment of these notes upon the ground that he elected to receive the whisky from Shepherd, of which he had notice, and that he had failed to furnish it, according to the contract between them; and can Finnell claim to set off against these notes, in the hands of the assignees, the plaintiffs, his demand for damages against Shepherd for having violated the private agreement between them, in failing to furnish the indemnity to Finnell, by not delivering the whisky as required by that agreement.

It is the opinion of the court that Shepherd's failure to comply with his written agreement to deliver $1,200 worth of whisky to Finnell, as indemnity for the use of his name and credit in signing and

One who lends his credit to another in the form of a note, to be sold to raise funds,

cannot against the assignee of that note, set up any private agreement unknown to the assignee, as a defense to the payment of the note; or refuse to pay because the indemnity promised had not been given.

delivering the notes in suit, cannot be relied upon as a good defense, in law or equity, to the plaintiffs' action as assignees upon those notes. In the brief statement of the terms of the agreement, as above made, its precise language is not given; but what is understood, by this court, to be its true intent and meaning and substantial import, as collected from the whole instrument.

Finnell has no right to refuse the payment to Shepherd's assignees of these notes, made expressly to be transferred for money or property to whomsoever Shepherd might choose to sell them, and for his, Shepherd's accommodation, because he, Shepherd, may have violated his agreement to indemnify him. Finnell must look to Shepherd for redress, as a security who pays the debt of his principal must look to his principal to be reimbursed. In respect to the assignees of these notes, the true consideration of the undertaking of Finnell to pay them, was the money or property which might be advanced or delivered to Shepherd upon their purchase by the party to whom he might sell them, and the undertaking and agreement between Finnell and Shepherd is, in substance, nothing more or less than a promise by Shepherd to indemnify Finnell on account of his incurring such liability for him, and for lending him his credit, if Finnell should think proper to receive such indemnity. If Finnell, as is assumed, does, in substance and in fact, though not in form, occupy, in respect to the rights of the plaintiffs as purchasers of the notes, the attitude of security for Shepherd, then to allow his defense, would be, in substance, deciding that a security should not be bound to pay the debt of his principal, because unfortunately indemnity furnished or promised by the principal to save his security for his liability had failed or been withheld. In this view of the case, it follows that the court below erred in overruling the plaintiffs' demurrer to the defendant's answer. Wherefore the judgment is reversed, and cause remanded that the court may sustain the

the plaintiffs' demurrer to the defendant's answer, and for further proceedings comformable to this opinion.

*Harlan* and *Cable*, for plaintiffs; *Robinson* and *Johnson*, for defendant.